LEESA DOMBROWSKI, SURVIVING COTENANT OF GOTTLIEB DOMBROWSKI, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 78617. Promulgated April 27, 1937.

*P. D. Johnston, Esq.*, and *T. H. Poole, C. P. A.*, for the petitioner. *Paul A. Sebastian, Esq.*, for the respondent.

OPINION.

MURDOCK: The notice of deficiency involved in this case was in part as follows:

Mrs. Leesa Dombrowski, Surviving Cotenant,
    Gottlieb Dombrowski, Deceased,
        4375 South Broadway,
            Los Angeles, California.
Madam:

You are advised that the determination of the income tax liability of Gottlieb Dombrowski, deceased, for the years 1930 and 1931, discloses a deficiency of $1,856.85 for the year 1931, and an overassessment of $635.15 for the year 1930, as shown in the statement attached.

A petition was filed captioned "Mrs. Leesa Dombrowski, Surviving Cotenant of Gottlieb Dombrowski—Deceased." The petitioner described herself as an individual. The verification is by Leesa Dombrowski, who therein described herself as the petitioner. Leesa Dombrowski did not allege in the petition that she occupied any fiduciary capacity in relation to the estate of Gottlieb Dombrowski.

Gottlieb Dombrowski filed an original income tax return and an amended return for the year 1931. He stated therein that the return was a joint return for himself and his wife.

Gottlieb Dombrowski died in 1933. His estate has never had an executor or an administrator. He and his wife held their property at the time of his death as joint tenants. Leesa Dombrowski is the widow of Gottlieb Dombrowski.

The Board does not have jurisdiction in this proceeding to determine the tax liability for 1931 of Leesa Dombrowski as an individual, as a fiduciary, or in any other capacity, nor does it have jurisdiction to determine the tax liability for 1931 of Gottlieb Dombrowski. The Commissioner has not determined any deficiency in tax against Leesa Dombrowski, and, consequently, the Board has no jurisdiction to determine her individual income tax liability. The Commissioner considered only the income tax liability of Gottlieb Dombrowski and has determined the deficiency against him, or his estate. The Commissioner does not state in the notice of deficiency that he proposes to hold Leesa Dombrowski liable for the tax in any way. He has determined a deficiency in the tax of one taxpayer and has notified another person of his determination without suggesting that that person is liable or is to be held liable in any way for the tax. The petition has been filed by Leesa who has shown no right to contest the deficiency. She does not claim to be authorized to represent the estate of Gottlieb, and there is nothing in the record to indicate that she is authorized in any way to represent his estate. There has been no showing that a surviving cotenant has any authority under the law to represent the estate of the deceased cotenant. Why the Commissioner chose to address the notice of deficiency in the way that he did, does not appear. Leesa is not a fiduciary and has not appeared before the Board as a fiduciary. Thus the Board has no jurisdiction to consider any possible liability for tax which she may have as a fiduciary. Since it is clear that the deficiency was determined against Gottlieb Dombrowski, deceased, and since the person to whom the notice was sent and the only person who has appeared as the petitioner before the Board is not a person authorized to represent the estate of Gottlieb Dombrowski, deceased, it follows that the Board has no jurisdiction to decide whether or not there is a deficiency in the income tax of Gottlieb Dombrowski, deceased, for the year 1931. Cf. *Mary M. Shea*, 31 B. T. A. 513; *Fred Shingle*, 34 B. T. A. 875.

The circumstances give the Board no jurisdiction whatever and the proceeding must, therefore, be dismissed.

Counsel for the petitioner agrees that the Board has no jurisdiction, while counsel for the respondent is silent and has failed to suggest wherein the Board has jurisdiction. At the hearing when this question was first discussed, counsel for the respondent intimated that he might like to amend his pleadings to allege in the alternative that the case be treated as a transferee proceeding, but at the conclusion of the hearing he stated that he did not desire to amend his pleadings. He filed no brief. Thus there is no contention made that this is a transferee proceeding. Although the Commissioner addressed the notice of deficiency to Leesa Dombrowski as surviving cotenant of Gottlieb Dombrowski, he has not determined any deficiency or liability with respect to Leesa Dombrowski, either individually or as a surviving cotenant of Gottlieb Dombrowski, deceased. The Commissioner has a special form which he uses to notify persons of his determination that they are liable as transferees of some taxpayer. The notice in the present case is not on that form, does not indicate that it was intended as a notice of transferee liability on the part of Leesa Dombrowski for income taxes of Gottlieb Dombrowski, and does not state that she is to be held liable for any taxes. The burden of proof in respect of transferee liability is by statute placed upon the Commissioner. The Board's rules require that in transferee cases the Commissioner plead the facts to show transferee liability. The Commissioner has not alleged facts to show transferee liability. The only suggestion that this might be a transferee proceeding was made by respondent's counsel at the hearing, but after he had asked several questions, apparently intended to show transferee liability on the part of Leesa Dombrowski, he decided not to attempt to amend his pleadings. Thus it appears that the Commissioner has never determined any transferee liability, has never sent out a notice of transferee liability, and has never pleaded transferee liability. The petitioner has not come before the Board as a transferee. Obviously this is not a transferee proceeding and the Board will not decide any transferee question.

Reviewed by the Board.

SMITH and ARNOLD dissent.